UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY S. VANDE MERKT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 4868 |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gregory S. Vande Merkt won a favorable decision from the Social Security Administration on his disability claim and collected benefits for a seventeen-month period ending October 31, 2006. In April 2009, however, the Appeals Council notified Plaintiff that it had reopened his case for further review. In this lawsuit, Vande Merkt challenges the Social Security Administration's reopening of the decision to award him disability benefits. He alleges that doing so exceeds the scope of the SSA's authority, constitutes a denial of due process, and warrants a writ of mandamus halting any further proceedings. Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has moved to dismiss Plaintiff's complaint, arguing that Plaintiff's administrative remedies have not been exhausted and that there has been no denial of due process. More recently, now that a reexamination hearing has been scheduled, Plaintiff has filed a motion asking the court to stay the upcoming hearing. For the reasons explained below, the court will grant Defendant's motion to dismiss and deny Plaintiff's motion to stay.

## BACKGROUND

Plaintiff filed an application for Social Security disability benefits on November 14, 2005. That application was denied in an initial determination on December 28, 2005. (Mot. to Dismiss [17], Declaration of Dennis V. Ford, Acting Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, at 2.) Plaintiff appealed that ruling, and an administrative law judge

("ALJ") found in his favor on March 27, 2008 after a hearing at which Plaintiff and a vocational expert testified. (Mot. to Dismiss, Ex. 2 at 1.) Plaintiff suffered from upper back pain and a swollen right knee, and a doctor found vertebral osteomyelitis and septic arthritis in his right knee. He underwent knee and spinal surgery in August 2005. (*Id.* at 4.) The ALJ found that Plaintiff was indeed disabled within the meaning of the Social Security Act from May 15, 2005 to October 31, 2006, and that he did not engage in any "disqualifying substantial gainful activity" during that time period. (*Id.* at 3.) On May 7, 2008, the ALJ filed an amended decision to clarify that Plaintiff "is eligible for a trial work period . . . *after* the closed period." (Mot. to Dismiss, Ex. 3 at 3, 5.)

On April 24, 2009, more than one year after the ALJ's favorable ruling, the Appeals Council informed Plaintiff that it had reopened his case and intended to send it back to an ALJ "for more action and a new decision." (Ex. 4 at 1.) Citing 20 C.F.R. § 404.989(a)(3), the Appeals Council explained that it was reopening the case for "good cause . . . because the evidence considered in making the determination clearly shows that there was an error."[1] (*Id.* at 2.) Specifically, the Appeals Council pointed to notes in the record from DuPage Medical Group, dated April 12, 2006 and December 2006, showing that Plaintiff was working during the disability period. (*Id.* at 3.) In addition, the Appeals Council noted that Plaintiff reported earnings of $10,188.99 for 2006. (*Id.*) "Thus, there was evidence before the Administrative Law Judge indicating that you returned to work within 12 months of the alleged onset date. Despite those work references, the Administrative Law

---

[1] Social Security regulations contemplate reopening a determination under certain circumstances: Either the claimant or the Commissioner may reopen a case within four years of the date of an initial determination if there is "good cause" to do so. 20 C.F.R. § 404.988(a). "Good cause" includes "new and material evidence," 20 C.F.R. § 404.989(a)(1); a "clerical error," 20 C.F.R. § 404.989(a)(2); or a showing that "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. § 404.989(a)(3). It is this last provision that the Appeals Council relies on in reopening Plaintiff's disability award. In addition, a decision may be reopened within twelve months of the initial determination "for any reason." 20 C.F.R. § 404.988(a). The decision may be reopened "at any time" for a variety of reasons including fraud, or a showing that a person thought to be dead is found to be alive. 20 C.F.R. § 404.988(c). The Appeals Council may also initiate its own review of a decision within sixty days "on its own motion," which is known as "own motion review." 20 C.F.R. § 404.969(a).

2

Judge did not take the action necessary to resolve whether that work was substantial gainful activity. . . . Thus, the evidence considered in making the decision clearly shows there was an error." (*Id.*) The Appeals Council announced that it would remand the case to an ALJ unless Plaintiff presented evidence that he had not worked, or that any work he engaged in did not amount to substantial gainful activity. (*Id.*)

Plaintiff's attorney responded to the Appeals Council, arguing that good cause did not exist to reopen the case. (Ex. 5 at 2.) As summarized in the Appeals Council's June 2009 order, Plaintiff "argued that the Appeals Council's reopening notice refers to the written record, but that [in reaching her decision to award benefits] the Administrative Law Judge [had] considered more than the written record; she 'conducted a detailed inquiry into the relevant earnings for the relevant period, including testimony from the claimant and discussion with claimant's attorney.'" (*Id.*) On June 11, 2009, the Appeals Council remanded Plaintiff's case to an ALJ, rejecting the argument that there was not good cause to do so. (Ex. 5 at 2.)

On August 9, 2009, Plaintiff filed his complaint in this court, seeking a writ of mandamus. He asks this court to direct the Social Security Administration to cease further action on his case and to treat the amended May 7, 2008 decision awarding disability benefits as final. (Compl. [1] at 3-6.) Defendant filed a motion to dismiss on December 16, 2009, arguing that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 405(g). (Mot. to Dismiss at 2.) Plaintiff filed a motion to stay further Social Security proceedings on December 22, 2009, in order for the court to resolve Plaintiff's complaint and the motion to dismiss. (Mot. to Stay [20].) The court denied that motion to stay without prejudice on January 5, 2010, (Order [22]), but now that a hearing has been set for February 16, 2011, Plaintiff has renewed his motion for a stay. (Mot. to Stay [28] ¶ 11.) Plaintiff argues that, as stated in his initial complaint, the "SSA had a clear duty to allow the decision of its ALJ to stand, once the [sixty days] provided under SSA's regulations [20 C.F.R. § 404.969(a)] for Appeals Council own motion review had expired, and that the Appeals

Council acted outside its authority by purportedly reviewing the ALJ's decision outside that time limit." (*Id.* ¶ 7.) Plaintiff also argues that the Appeals Council "has denied him his due process rights." (*Id.*)

## **DISCUSSION**

### I.     **Motion to Dismiss**

Defendant argues that Plaintiff's complaint should be dismissed because he has not received a final decision of the Commissioner and therefore has not exhausted the SSA's administrative procedure, a prerequisite for judicial review. (Mot. to Dismiss at 2.) Judicial review of Social Security proceedings is governed by 42 U.S.C. § 405(g), which allows review only "after any final decision of the Commissioner of Social Security." Defendant contends that "the reopening by the Appeals Council is not a final decision and is not judicially reviewable." (Mot. to Dismiss at 4.) The case Defendant cites for this proposition deals with the reviewability of a decision *not* to reopen proceedings, which courts have unanimously found to be unreviewable. *Bolden v. Bowen*, 868 F.2d 916, 918 (7th Cir. 1989).

Plaintiff argues that the Appeals Council's decision is subject to judicial review, and the court's mandamus power, because "the Appeals Council acted outside the scope of the authority conferred upon it by SSA's regulations in purporting to re-open the ALJ's favorable decision in this case." (Pl.'s Response to Mot. to Dismiss at 2.) Specifically, Plaintiff argues that the Appeals Council does not have "good cause" to reopen the proceedings, as required by the regulation upon which it relies for reopening. (*Id.* at 4.) Plaintiff does not directly engage Defendant's exhaustion argument, instead arguing that he "has exhausted his administrative remedies *on the re-opening issue* by presenting his arguments against re-opening to the Appeals Council." (*Id.* [emphasis added].) Thus, Plaintiff argues, "[t]he issue at this stage is whether the Appeals Council acted within the scope of its authority by re-opening." (*Id.*)

In many instances, courts have reviewed the decision to reopen a Social Security disability

4

award–but have done so only after the ultimate disposition of the case by either the ALJ or Appeals Council. *See, e.g., Heins v. Shalala,* 22 F.3d 157, 161 (7th Cir. 1994) (reviewing decision to reopen after the Appeals Council declined to review ALJ decision denying benefits); *Cole v. Barnhart,* 288 F.3d 149, 150 (5th Cir. 2002) (finding jurisdiction to review whether a case was reopened for "good cause," after an ALJ reopened and withdrew decision granting benefits); *Cieutat v. Bowen*, 824 F.2d 348, 358 n. 15 (5th Cir. 1987) ("this Court should have jurisdiction over [the] challenge to the Appeals Council's reopening of his case inasmuch as the reopening forms the basis for the denial of benefits"); *Montes v. Secretary of Health and Human Services*, 16 F.3d 416 (Table), No. 93-2273, 1994 WL 44840, at *1 (10th Cir. Feb. 16, 1994) ("The Secretary's decision to reopen a previously denied claim for benefits is discretionary, and therefore, a nonfinal decision unreviewable under 405(g).").

> As the Sixth Circuit explained,
>
> Judicial review of an alleged abuse of discretion in reopening a prior determination in which benefits were granted does not implicate the concerns articulated by the Supreme Court in [*Califano v. Sanders,* 430 U.S. 99 (1977) (finding decision not to reopen unreviewable)]. Unlike the decision to reject a claimant's request to reopen his case, the Secretary's decision to reopen Slone's case resulted in a hearing and a final decision on the merits. Hence, the Secretary's decision produced the particular type of agency action that is subject to judicial review under § 405(g). Further, by requiring Slone to challenge the propriety of the decision to reopen his case within the time limits provided under § 405(g), the congressional purpose of imposing a statute of limitations is promoted rather than frustrated.

*Slone v. Secretary of Health and Human Services*, 825 F.2d 1081, 1084 (6th Cir. 1987).

These cases support Plaintiff's contention that the decision to reopen a case is subject to judicial review. They also support Defendant's position, however, that such judicial review will take place only after the case has been reopened, reexamined, and ultimately resolved. The court is satisfied that Plaintiff has not exhausted his administrative remedies, and next examines whether Plaintiff's petition for a writ of mandamus is meritorious and would warrant the court's declining to exercise jurisdiction despite Plaintiff's failure to exhaust.

## II. Writ of Mandamus

Plaintiff argues that the court should issue a writ of mandamus to stop the ALJ from reconsidering his case on remand from the Appeals Council. A writ of mandamus may be issued "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus relief is available only if a plaintiff 'has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Michael Reese Hospital and Medical Center v. Thompson*, 427 F.3d 436, 441 (7th Cir. 2005) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "[The] writ is available in the federal courts only in extraordinary circumstances." *In re Hijazi*, 589 F.3d 401, 406 (7th Cir. 2009).

Plaintiff acknowledges that the Appeals Council has authority to reopen the case within four years of the initial determination for "good cause." But he argues that it has exceeded its authority because good cause to reopen is not present. (Pl.'s Response to Mot. to Dismiss at 3.) Plaintiff's "position is that the Appeals Council merely disagreed with the ALJ's decision and that the evidence considered in making the decision does not clearly show, on its face, that an error was made, as is required for 'good cause.' Absent good cause, the Appeals Council exceeded the scope of its authority under SSA's regulations to reopen ALJ decision." (*Id.*) Further, Plaintiff argues, allowing the case to go back to the ALJ "allows the exhaustion requirement to supersede all other considerations . . . it forces the claimant to return to the ALJ, potentially for protracted proceedings before the agency, without any determination as to whether the agency has even acted within the scope of its authority." (*Id.* at 4.)

Plaintiff cites several cases to support the contention that a writ of mandamus is warranted under these circumstances. In the court's view, each is distinguishable. In *Silvis v. Heckler*, 578 F. Supp. 1401, 1402-03 (W.D. Pa. 1984), plaintiff challenged the Secretary's ability to reopen a decision outside of the sixty-day period allowed for "own motion" review pursuant to 20 C.F.R. § 416.1469; 20 C.F.R. § 404.969. The court found mandamus jurisdiction warranted "where

6

otherwise unreviewable procedural issues not related to the merits of a claim for benefits were involved." *Id.* at 1403. The court noted "this dispute involves a purely procedural matter," specifically, whether the SSA procedures provided any mechanism at all for the Secretary to reopen outside of the sixty-day "own motion" period. *Id.* at 1402. The question addressed in *Silvis* has been answered. "SSA has since modified its regulations to remove any doubt as to whether SSA can re-open." (Pl.'s Response to Mot. to Dismiss at 4 n. 1, citing 20 C.F.R. § 404.987(b) (enacted Feb. 23, 1984) ("We may reopen a final determination or decision on our own initiative.").) This case differs significantly in that the question Plaintiff presents is not whether reopening on the Appeals Council's initiative is ever permitted outside the sixty-day period, but whether in this instance the Appeals Council had "good cause" to reopen.

In *Burnett v. Bowen,* 830 F.2d 731 (7th Cir. 1987), plaintiff's application for disability benefits had been rejected by an ALJ, and plaintiff asked another ALJ to reopen his case based on new evidence establishing his disability. *Id.* at 732. After his request for reopening was denied, plaintiff argued that the ALJ had violated SSA regulations by failing even to consider the new evidence plaintiff offered as part of his request. *Id.* at 737. The court considered whether there was mandamus power "to compel the ALJ to consider [ ] new evidence," and concluded that "Congress intended to preserve mandamus jurisdiction for claims that are procedural in nature under the Social Security Act." *Id.* at 737, 738. Mandamus relief is available, the court held, if "the Secretary failed to carry out his clear and plainly defined duty to consider [ ] new evidence." *Id.* The Seventh Circuit remanded to the district court to determine if the ALJ had in fact considered the new evidence presented by claimant as he was required to do. *Id.* at 741. In the case before this court, in contrast, Plaintiff does not argue that the Appeals Council failed to follow non-discretionary procedures–the regulations do allow for a re-opening based on a finding of "good cause"–but instead challenges whether the Appeals Council was justified in following those procedures, in other words, whether "good cause" actually existed. This is a question that concerns the merits of

7

Plaintiff's "good cause" argument; it is not a "purely procedural" question of the type suitable for mandamus jurisdiction.

Plaintiff cites one case analogous to this one, challenging the existence of "good cause" to reopen, and doing so before the ultimate disposition of the case by either the ALJ or Appeals Council. In *Koolstra v. Sullivan*, 744 F. Supp. 243 (D. Colo. 1990), the plaintiff challenged the Appeals Council's decision to re-open his case for "good cause," where the purported "good cause" was a change in the interpretation of an SSA regulation that would have classified the in-kind support plaintiff received from family members as income, rather than a non-income loan, and would have thereby reduced his benefits award. *Id.* at 244-45. The court found mandamus relief proper because the Appeals Council's decision to reopen was based solely on a change in the legal interpretation of the relevant regulation–a change that took place after the closure of the case. "[T]he Appeals Council's decision to reopen the case based on an ex post facto change in the legal interpretation of the applicable regulations was in contravention of the Secretary's own regulations which provide that a decision will not be reopened for good cause 'if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.'" *Id.* at 247-48. *Koolstra* is inapposite because there the challenged reopening was in direct contravention to the plain text of a regulation. By contrast, Plaintiff's challenge to reopening for "good cause" questions whether the good cause cited by the Appeals Council in fact qualifies as good cause–not whether the "good cause" cited by the Appeals Council (a facial error based on the evidence) may serve as a basis for reopening at all. The Appeals Council's decision does not directly contravene the text of the governing regulations.

Plaintiff cites to one additional case, *Hennings v. Heckler*, 601 F. Supp. 919 (N.D. Ill. 1985), in which the court found mandamus jurisdiction to review an ALJ's decision that claimant's request to reopen the denial of benefits was time-barred. *Id.* at 925. The court found the ALJ had erred in denying claimant's petition because the ALJ read the regulation as requiring that the request to

8

reopen be *granted* within four years of the initial determination, when it actually requires only that the request be *filed* within that time period. *Id.* The court concluded that to allow the Secretary to completely refuse consideration of whether "good cause" to reopen existed within the allowable time period "would be to permit the Secretary to make completely arbitrary decisions." *Id.* at 926. In language that is particularly instructive here, the court then explained,

> Allowing the Secretary discretion in deciding whether "good cause" has been established is one thing; allowing her discretion in deciding *whether to consider* whether "good cause" has been established would be something quite different.

*Id.* (emphasis added). *Hennings* thus supports the distinction between the discretion granted in determining whether good cause exists–discretion that cannot be reached by the court's mandamus power, or reviewed prior to a final decision–and the non-discretionary requirements of the SSA, whose contravention would warrant the court's exercise of its mandamus power. An example of such a non-discretionary requirement is the requirement that the agency consider evidence supporting a claim of "good cause" to reopen. The court concludes that Defendant's motion to dismiss should be granted, as Plaintiff has not exhausted the administrative procedures available to him, and has not established that Defendant owes him a clear, non-discretionary duty warranting mandamus.

### III. Denial of Due Process

Finally, the court will examine Plaintiff's argument that reopening his disability award would be tantamount to a denial of due process. "The action of SSA would deprive [Plaintiff] of [the disability] award, which was issued to him based on a final decision of the Commissioner. . . . By seeking to reopen the ALJ's amended decision in a manner that is outside the scope of its authority under its own regulations, SSA seeks to take property of [Plaintiff] without due process of law." (Compl. ¶¶ 14, 15.) Defendant argues that Plaintiff's claim of denial of due process should be dismissed because "Plaintiff's participation in the administrative process on remand will provide him with due process." (Mot. to Dismiss at 8.) Defendant also cites regulations that would allow Plaintiff

9

to ask the SSA to waive recovery of overpaid benefits, and to seek judicial review of any denial of benefits, were that decision to become final. (*Id.* at 8 n. 3.) Plaintiff responds that "[t]he fact that a claimant may potentially avoid the ultimate taking if his property by other remedies does not mean that action by the government in excess of its authority does not deny due process." (Response at 5-6.) Notably, Plaintiff cites no case or other authority in support of this contention. Taking all the facts and inferences in favor of the non-moving party, as is required in considering a motion to dismiss, *Fednav Intern. Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010), Plaintiff still has the opportunity both to avoid a revocation of his benefits through the presentation of his case to the ALJ, to request a waiver should the ALJ find against him, and to petition for judicial review of any adverse decision.

Another court in this district has spoken on this issue. "[C]onstitutional due process concerns are seriously implicated when the Secretary attempts to reopen a decision long since finalized and attempts to force a recipient of benefits to disgorge four or more years of past benefits." *Gerstein v. Bowen*, 680 F. Supp. 1200, 1208 (N.D. Ill. 1988). That court, however, concluded that due process was satisfied by the very procedures cited by Defendant in this case. Specifically, regulations provide that "[i]f a claimant has acted without fault and requiring overpayments would place the claimant in dire financial straits, then the claimant will not be required to refund the overpayments . . . ." *Id.* at 1209. Indeed, the seminal due process decision *Mathews v. Eldridge*, 424 U.S. 319 (1976), dealt with this very issue–the denial of Social Security disability benefits. In that case, the Supreme Court found an evidentiary hearing not required before termination of benefits, because plaintiff would receive an evidentiary hearing, and judicial review, before the denial of his claim became final. *Id.* at 349. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 333 (citation and quotation omitted). Plaintiff here has adequate opportunity to present his case before the ALJ, to seek waiver of recovery of benefits already paid, and, ultimately judicial review

10

of any final decision. The requirements of due process are plainly satisfied by the procedures in place.

**IV.     Motion to Stay**

Plaintiff has asked the court to stay the ALJ hearing in order to "preserve the status quo until the Court has ruled on the merits of plaintiff's complaint." (Mot. to Stay ¶ 17.) As the court has reached the merits, and is dismissing Plaintiff's complaint, the motion to stay is denied.

## **CONCLUSION**

For the aforementioned reasons, Defendant's motion to dismiss [17] is granted and Plaintiff's motion to stay [28] is denied.

ENTER:

Dated: February 7, 2011

_____
REBECCA R. PALLMEYER
United States District Judge